**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4629**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

ROLAND JOHN GRIFFIN,

             Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Robert E. Payne, Senior District Judge.  (3:10-cr-00060-REP-1)

———————

Submitted:  September 30, 2010        Decided:  November 3, 2010

———————

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Michael S. Nachmanoff, Federal Public Defender, Paul G. Gill, Assistant Federal Public Defender, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Brian R. Hood, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roland John Griffin was convicted, following a bench trial before a magistrate judge, of one count of driving under the influence, in violation of 36 C.F.R § 4.23(a)(2) (2009). On appeal, Griffin contends that there was insufficient evidence to sustain his conviction. Finding no reversible error, we affirm.

We review a district court's decision to deny a Rule 29 motion for a judgment of acquittal de novo. United States v. Smith, 451 F.3d 209, 216 (4th Cir. 2006). A defendant claiming insufficient evidence to support a verdict against him bears a heavy burden. United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997). A verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by 'substantial evidence.'" Smith, 451 F.3d at 216 (citations omitted). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks and citation omitted). Furthermore, "[t]he [factfinder], not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." Beidler, 110 F.3d at 1067 (internal quotation marks and citation omitted). Generally, a verdict is reversed for insufficient

evidence only where the prosecution clearly failed to meet its burden. Id. (internal quotation marks and citation omitted).

36 C.F.R. § 4.23(a)(2) prohibits "operating or being in actual physical control of a motor vehicle" in a national park area with a blood or breath alcohol level over .08. Because Griffin does not dispute his intoxication, the only issue is whether he was operating or in control of his truck when National Park Service Ranger Charles Lochart arrested him. "Operator" is defined as "a person who operates, drives, controls, otherwise has charge of or is in actual physical control of a mechanical mode of transportation or any other mechanical equipment." 36 C.F.R. § 1.4(a). The definition of operator encompasses a broader range of behavior than just driving. See United States v. McFarland, 445 F.3d 29, 32 (1st Cir. 2006) (actual physical control exists when the vehicle's owner is conscious and seated behind the steering wheel with the key in the ignition); United States v. Coleman, 750 F. Supp. 191, 193 (W.D. Va. 1990) (evidence of operation was sufficient where driver was found in the driver's seat of her car on the surface of the roadway with the key in the ignition).

We conclude that the Government introduced sufficient evidence that Griffin was operating the vehicle under the influence. Ranger Lochart found Griffin in the driver's seat of his parked truck with the keys in the ignition and the engine

3

running.  Griffin engaged the electrical equipment in the truck by operating the turn signal and the four-way flashers. Moreover, Ranger Lochart's testimony that Griffin stated that he was having a problem with his turn signal and asked how fast he had been driving when he was stopped, together with evidence that Griffin's vehicle was in a different location then it had been when Griffin's son left him alone in the vehicle,[*] suggests that Griffin was, in fact, driving before Ranger Lochart arrived on the scene.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] Griffin's son, John, had been driving the truck, with Griffin as his only passenger, when John parked the vehicle along the side of a road and left on foot, leaving the keys in the ignition, following an argument between the two men. Testimony established that when Ranger Lochart encountered Griffin his truck was parked at a location different from the area where John had left it.

4