**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6466**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

LASAYFIES E. WILSON,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, District Judge.  (8:15-cr-00430-PWG-1)

Submitted:  August 4, 2017                           Decided:  November 28, 2017

Before DUNCAN, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard J. Link, Jr., KARPEL, LINK & CAPORALETTI, L.L.C., Rockville, Maryland, for Appellant.  Stephen M. Schenning, Acting United States Attorney, Baltimore, Maryland, Hollis Raphael Weisman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court upheld a magistrate judge's finding that Defendant-Appellant Lasayfies Wilson was guilty of one count of operating a motor vehicle while under the influence of alcohol on the Baltimore-Washington Parkway,[1] in violation of 36 C.F.R. § 4.23(a)(1), and one count of operating a motor vehicle without due care, in violation of 36 C.F.R. § 4.22(b)(1). On appeal, Wilson argues that the evidence presented at trial failed to support these convictions. The government argues, and we agree, that there was sufficient evidence to establish the elements of each charge. Accordingly, we affirm Wilson's convictions.

I.

A.

Around 4 a.m. on May 26, 2014, United States Park Police Officer Christopher Gogarty saw Wilson's Ford Fusion stopped on the ramp of the Baltimore-Washington Parkway. The car partially blocked the highway. Gogarty stopped to check on the driver and found Wilson sitting in the driver's seat with the car running and his teenage son in the passenger seat. Wilson stated that he had pulled over because he was using his GPS.

Gogarty noticed a strong odor of alcohol coming from the vehicle and asked to perform a field sobriety test on Wilson. As Wilson got out of the car for the test, Gogarty

---

[1] The Baltimore-Washington Parkway runs through a federal park, so it is patrolled by United States Park Police and visitors are subject to the regulations contained in 36 C.F.R. Chapter 1.

2

saw what appeared to be vomit on the car's door frame. Throughout their interaction Wilson screamed profanities and threats at Gogarty, claiming that he would go after Gogarty's job and family. Although Wilson was combative and uncooperative, Gogarty was able to perform a horizontal gaze nystagmus ("HGN") test. An HGN test involves having a person follow a stimulus, such as a pen, with his or her eyes to observe if the subject's eyes involuntarily jerk. Involuntary eye movements suggest that the subject is intoxicated. Gogarty was trained to use this type of field sobriety test and had administered the test between 1,000 and 2,000 times. Gogarty administered the test by having Wilson follow a pen with each of his eyes and observed Wilson involuntarily jerking both of his eyes. The result of the HGN test, along with the odor of alcohol, the indicia of vomit, and Wilson's combative behavior, led Gogarty to conclude that Wilson was intoxicated.

Gogarty's car was not equipped with the proper partition to transport Wilson, so Gogarty called United States Park Police Officer Alfred Keene for backup. As Keene drove Wilson to the police station, Wilson yelled and threatened Keene. Keene noticed the smell of alcohol on Wilson's breath and concluded, from the smell and Wilson's raucous behavior, that Wilson was under the influence of alcohol. While Wilson was at the police station, Gogarty obtained a search warrant to test Wilson's blood. He then took Wilson to Prince George's Hospital Center to take a blood sample, which was sent to a lab for testing. The test results revealed that Wilson had a blood alcohol concentration of 0.14 grams of alcohol per 100 milliliters of blood. The legal limit in

national parks is 0.08 grams of alcohol per 100 milliliters of blood. *See* 36 C.F.R. § 4.23(a)(2).

B.

Wilson was charged with six offenses: (1) refusal to submit to chemical testing, (2) driving while under the influence of alcohol while transporting a minor, (3) driving while intoxicated with a blood alcohol concentration of 0.08 grams, or more, of alcohol per 100 milliliters of blood, (4) threatening, intimidating, or interfering with a government employee, (5) operating a vehicle under the influence of alcohol, and (6) unsafe operation of a motor vehicle. A magistrate judge found Wilson not guilty of the first two charges and guilty of the last four charges, and sentenced him to eighteen months of supervised probation and 100 hours of community service.

Wilson appealed his conviction to the district court. The district court reversed the conviction for driving while intoxicated with a blood alcohol concentration of 0.08 grams of alcohol per 100 milliliters of blood because there was insufficient evidence to establish Wilson's exact blood alcohol level.[2] However, the district court affirmed Wilson's convictions for operating a vehicle under the influence of alcohol; unsafe operation of a

---

[2] The only evidence establishing Wilson's blood alcohol concentration was the result from the blood test, but the district court judge found that, because there was no certification to show the machine that tested Wilson's blood sample was properly calibrated at the time of the test, the results could not be authenticated. Further, the district judge found that evidence from the officer's testimony and the field sobriety test were not sufficient to prove Wilson's specific blood alcohol concentration.

4

motor vehicle; and threatening, intimidating, or interfering with a government employee. The district court then remanded the case to the magistrate judge for resentencing.

After his resentencing, Wilson filed a second appeal to the district court challenging two counts of his conviction. The district court affirmed the convictions and Wilson now appeals to this court. Specifically, Wilson appeals the district court's decision to affirm his convictions for (1) operating a vehicle under the influence of alcohol and (2) the unsafe operation of a motor vehicle. For the reasons that follow, we affirm.

## II.

Wilson raises two issues on appeal. First, Wilson contends that there is insufficient evidence to support a conviction for operating a motor vehicle under the influence of alcohol. Second, Wilson contends that there is insufficient evidence to support a conviction for unsafe operation of a motor vehicle. We consider each issue in turn.

When a district court reviews an appeal from a bench trial before a magistrate judge, the district court does not review the case de novo but instead uses "the same standards of review applied by a court of appeals in assessing a district court conviction." *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005) (citing Fed. R. Crim. P. 58(g)(2)(D)). Our review of the district court is then governed by the same standard. *Id.* at 305–06.

In this case, the district court correctly assessed Wilson's challenge to the sufficiency of the evidence by viewing the evidence in the light most favorable to the government and deciding whether there was "substantial evidence" to support his conviction. *United States v. Herder*, 594 F.3d 352, 358 (4th Cir. 2010). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (quoting *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)). We apply the same standard.

A.

The elements of operating a vehicle under the influence in violation of 36 C.F.R. § 4.23(a)(1) are: (1) the defendant must be operating or in actual physical control of a motor vehicle, (2) the defendant must be under the influence of alcohol or drugs, (3) to such a degree that the defendant is incapable of safely operating the vehicle. Here, there is sufficient evidence to establish each element.

First, there is sufficient evidence to prove that Wilson was operating or in control of a motor vehicle. This court has found that a defendant was in control of a motor vehicle when an officer found the defendant in the driver's seat of his parked vehicle with the keys in the ignition and the engine running, the driver operated his turn signal and flashers, and the driver implied that he had been driving before the officer arrived. *United States v. Griffin*, 400 F. App'x 783, 785 (4th Cir. 2010). This case is factually similar, as Wilson was found in the driver's seat of his vehicle with the engine running

6

and told the officer that he had pulled over to use his GPS. Therefore, we conclude that there is sufficient evidence for a reasonable finder of fact to find that Wilson was in control of a motor vehicle.

Second, there is also sufficient evidence to establish that Wilson was under the influence of alcohol. Wilson argues there is insufficient evidence to prove he was intoxicated because his speech was not slurred nor his eyes bloodshot, and additional evidence, such as empty alcoholic beverage containers, was not discovered. However, the lack of this evidence does not prove there was insufficient evidence to support the conviction. The regulation does not provide certain pieces of evidence such as slurred speech or empty containers as elements required to prove intoxication. Instead, the regulation requires that the court make a reasonable inference based on the evidence present. Here, Gogarty smelled alcohol coming from Wilson's vehicle, Keene smelled alcohol on Wilson's breath, and Gogarty performed a field sobriety test that indicated Wilson was intoxicated. Gogarty also saw vomit on the doorframe of Wilson's car. Furthermore, Wilson acted abnormally throughout his interaction with each of the officers by screaming, yelling profanities, and threatening the officers and their families. Finally, both Gogarty and Keene testified that in their opinion Wilson was intoxicated. These facts support the reasonable inference that Wilson was intoxicated.

There is also sufficient evidence to establish that Wilson was under the influence of alcohol to a degree that rendered him incapable of safely operating his vehicle. Wilson argues that there was insufficient evidence because the only evidence related to his operation of the vehicle was that he stopped on the shoulder of the highway with his

7

engine idling, and only a small portion obscuring the roadway. However, even if Wilson was attempting to park safely, the very fact that he was partially blocking the highway ramp shows his inability to safely operate his vehicle. A reasonable finder of fact could conclude that a person who smells of alcohol and parks his car in a position that blocks highway traffic at 4 a.m. was incapable of operating his vehicle safely.

B.

36 C.F.R. § 4.22(b)(1) prohibits "[o]perating a motor vehicle without due care or at a speed greater than that which is reasonable and prudent considering wildlife, traffic, weather, road and light conditions and road character." Wilson argues that he did not operate his vehicle without due care because his car was parked so that only part of it extended into the highway. Additionally, he argues that the language in § 4.22(b)(1) qualifies due care with the clause "considering wildlife, traffic, weather, road and light conditions and road character." Because no evidence was introduced regarding these factors, he argues there is insufficient evidence to find that he operated his vehicle without due care. We find that there is sufficient evidence for a reasonable trier of fact to find all of the elements of operating a motor vehicle without due care beyond a reasonable doubt.

First, we disagree with Wilson's contention that the prohibition against operating a motor vehicle without due care is qualified by the clause "considering wildlife, traffic, weather, road and light conditions and road character" under § 4.22(b)(1). Instead, the plain language of the regulation suggests that it prohibits two separate actions: (1)

8

operating a motor vehicle without due care and (2) operating a motor vehicle at a speed greater than that which is reasonable and prudent considering wildlife, traffic, weather, road and light conditions and road character. Thus, we disagree with Wilson's argument that evidence of factors such as bad weather, traffic, or wildlife are necessary for a conviction of operating a motor vehicle without due care.

Even if he were correct, however, there is still sufficient evidence to uphold Wilson's conviction. Wilson's vehicle was stopped at 4 a.m., when the light conditions would make it more difficult to see the vehicle in the road. Additionally, Wilson's car was parked on a highway ramp with a narrow shoulder, so the road character suggests this was not a place that was intended for cars to park. The car was also blocking traffic. Parking a vehicle in a manner that blocks highway traffic, especially in the poor visibility of the morning twilight, poses a danger to other drivers. As a result, viewing the evidence in the light most favorable to the government, the evidence was sufficient for a reasonable trier of fact to find that Wilson operated his vehicle without due care.

### III.

Because the evidence was sufficient for a reasonable trier of fact to find that Wilson operated a vehicle while under the influence and operated a vehicle without due care, the district court's judgment is

*AFFIRMED*.